UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COLLIN D. PITTMAN,

    Petitioner,

v.                                              Civil Case No. 14-14405
                                              Honorable Linda V. Parker

STEVE RIVARD,

    Respondent.
_____/

**OPINION AND ORDER DENYING
PETITIONER'S MOTION FOR RECONSIDERATION**

## I.    Introduction

This matter initially came before the Court on Petitioner Collin D. Pittman's pro se habeas corpus petition challenging his state convictions for two counts of criminal sexual conduct involving his niece. Petitioner raised twelve claims regarding his arrest, the deadline for trying him, the admission of certain evidence at trial, the prosecutor's conduct, the trial court's rulings and jury instructions, his trial and appellate counsel's assistance, his sentence, and newly discovered evidence that his niece had recanted her accusations about him. On February 6, 2018, the Court denied the petition on the merits, declined to issue a certificate of appealability, and granted Petitioner permission to proceed in forma pauperis on appeal. (ECF No. 22.)

The Court subsequently received a letter from Petitioner, in which he requests reconsideration of the decision denying his application for habeas relief and to allow the complainant and another prosecution witness to answer questions about the content of their conversation in a juvenile facility. Petitioner's letter has been filed as a motion for reconsideration. ECF No. 24.)

## II. Discussion

### A. Legal Framework

In this District, motions for reconsideration must be filed within fourteen days after entry of the judgment or order under reconsideration. E.D. Mich. LR 7.1(h)(1). Additionally,

> the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3); *see also Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011) (noting that this District's local rules prohibit "merely presenting the same issues that the court previously ruled on" and that "the movant must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case"). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health*

*Systems*, 704 F. Supp.2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

### B.     Application

The Court issued its dispositive opinion and judgment in this case on February 6, 2018. (ECF No. Dkt. 22.)  The deadline for filing a motion for reconsideration was fourteen days later on February 20, 2018.  Petitioner's motion for reconsideration is undated, but it was post-marked on February 28, 2018, and filed on March 12, 2018.  The motion, therefore, is untimely.

Moreover, the motion lacks merit.  Petitioner fails to identify a palpable defect in the Court's decision.  Instead, he asks the Court to provide him with its understanding of the facts in his criminal case.  Essentially Petitioner is asking the Court to accept various facts that he asserts undermine his conviction.  As a federal habeas court, however, this Court does not sit as a fact-finder.  The writ of habeas corpus "has limited scope; the federal courts do not sit to re-try state cases de novo but, rather, to review for violation of federal constitutional standards." *Milton v. Wainwright*, 407 U.S. 371, 377 (1972).

To the extent Petitioner is challenging the sufficiency of the evidence at his trial, he is presenting one of the same issues the Court ruled on in its dispositive decision.  There, the Court concluded that the state court's rejection of Petitioner's claim was neither contrary to, nor an unreasonable application of, *Jackson v.*

*Virginia*, 443 U.S. 307 (1979). The Court is not required to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Id*. at 318 (emphasis in original). The Court also is not required to reweigh the evidence, re-determine the credibility of witness, weigh the probative value of the evidence, or resolve any conflicts in the testimony. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).

Petitioner's request to have the complainant and another prosecution witness provide details about their conversation in a juvenile facility is inappropriate because this case is closed. In addition, the Court's review of habeas cases generally is limited to the record that was before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. Conclusion and Order

In summary, Petitioner's motion is untimely and fails to demonstrate a palpable defect in the Court's decision to deny him habeas relief. To the extent Petitioner seeks to appeal this decision and requires a certificate of appealability to do so, the Court declines to issue one.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for reconsideration (ECF No. 24)

is **DENIED** and the Court declines to issue a certificate of appealability.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: September 20, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 20, 2018, by electronic and/or U.S. First Class mail.

                                                s/ R. Loury
                                                Case Manager